UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA VERONICA GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 15-cv-2146 JAH-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 14] AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. NO. 15]** |

## **INTRODUCTION**

Claudia Veronica Gutierrez ("Plaintiff") filed this action seeking judicial review of a final decision made by the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for supplemental security income disability benefits pursuant to 42 U.S.C. 405(g). After a review of the parties' submissions, the record submitted in this matter, and for the reasons set forth below, this Court **DENIES** Plaintiff's motion for reversal of the Commissioner's administrative decision, or in the alternative, remand for further proceedings and **GRANTS** Defendant's cross-motion for summary judgment.

\\

\\

# BACKGROUND

## I. Procedural Background

Plaintiff filed an initial claim for disability on March 29, 2012 due to various health conditions including anxiety, agoraphobia with panic attacks, dyslexia, and palpitations. *See* AR[1] at 45. On April 9, 2012, an interviewer spoke with Gutierrez to finalize her application for disability insurance benefits. *See* AR at 145. Plaintiff's claim was initially denied on July 18 2012, and denied again on reconsideration. *See* AR at 68, 78. A hearing before an administrative law judge ("ALJ") was held on March 20, 2014. AR 24 -44. On May 2, 2014, the ALJ issued a decision finding Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. *See* AR 11-19. Plaintiff's request for Appeal Council review was denied on August 5, 2015. AR 1-4.

Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) on September 25, 2015. [Doc. No. 1]. Defendant filed an answer on June 20, 2016. [Doc. No. 11]. Thereafter, Plaintiff filed a Motion for Summary Judgment seeking reversal or remand of the Commissioner's decision [doc. no. 14] and Defendant Commissioner filed a Cross-Motion for Summary Judgment [doc. no. 15]. Both motions have been fully briefed. [Doc. Nos. 16, 17].

## II. Factual Background

### A. Vocational Expert Testimony

A vocational expert testified at the hearing regarding Plaintiff's future work capabilities, recognizing that Plaintiff had no past relevant work history. *See* AR at 42. The ALJ gave the vocational expert a hypothetical in order to determine whether there were any jobs in the state or national economy for a person such as Plaintiff. The hypothetical given, in relevant part, was as follows:

> Assume a person of claimant's age which is now 50 with a 10th grade education, no past relevant work, and the person is illiterate in English, with the following

---

[1] AR refers to the administrative record lodged with this Court.

additional restrictions: present there are no exertional or postural limitations; there are mental restrictions of the following: the hypothetical person is able to understand, remember, and *carry out simple job instructions only*; can only occasionally relate to coworkers and deal with the public. Occasional is defined as very little to one-third of the time. (Emphasis added).

*See* AR at 42. The vocational expert identified three jobs that exist in significant numbers in the state or national economy which a person with the hypothetical limitations could perform adequately; including a packager, linen room attendant, and kitchen helper. AR at 42-43; DOT (4th ed. 1991) § 318.687–010, 1991 WL 672755 (kitchen helper); *id*. § 920.587–018, 1991 WL 687916 (hand packager); *id*. § 222.387-030, 1991 WL 672098 (linen-room attendant). He classified each job as medium, unskilled labor with a Specific Vocational Preparation ("SVP") rating of two. *Id*. When asked whether his testimony was consistent with the DOT, he answered in the affirmative. *Id* at 43.

### B. The ALJ's May 2, 2014 Decision

The ALJ found Plaintiff had not engaged in substantial gainful activity since March 29, 2012. *See* AR at 13. The ALJ also found that Plaintiff had severe impairments, including depression, anxiety, and schizophrenia, that caused work-related functional limitations. *Id*. However, after reviewing the medical evidence, the ALJ concluded that Plaintiff's alleged dyslexia and palpitation disorders, as well as other physical complaints relating to joint pain and headaches, were not severe and would not be expected to interfere with Plaintiff's ability to work. AR at 14. The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet, or are medically equal in severity to, one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. *See* AR at 14. After considering all the symptoms, in conjunction with the objective medical evidence, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: understand, remember and carry out simple job instructions only, and occasionally relate to, or deal with, co-workers, supervisors, and the public. AR at 15. Based on the vocational expert's testimony and considering the Plaintiff's age, education, work experience, and

RFC, the ALJ found that Plaintiff is capable of perfoming work that exists in significant numbers in the national economy. AR at 19. Those findings led the ALJ to the ultimate conclusion that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act.

In making this determination, the ALJ relied on the range of Plaintiff's reported daily activities, notes reflecting successful control of Plaintiff's conditions with treatment and therapy, and the evidentiary record as a whole. AR at 17-18. The ALJ found that Plaintiff maintained a normal level of daily activity and interaction - including household chores, reading, crocheting, cooking, and caring for her mother, enrolling and excelling in GED math and English classes, and attending a behavioral health therapy program - all of which required a physical and mental capacity consistent with a significant degree of overall functioning. However, the ALJ also gave substantial weight to the state agency reviewing physicians' assessments that Plaintiff was limited to nonpublic simple repetitive tasks only. *Id*. at 17-18. *Id*.

## **LEGAL STANDARD**

### I. Qualifying for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) she suffers from a medically determinable impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that she previously performed or any other substantially gainful employment that exists in the national economy. *See* 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be found "disabled." *Id.*

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. During the fifth and final step of the process, it must be determined whether the claimant is able to perform work previously performed or any other employment that exists considering age, education, and work experience. *See* 20 C.F.R. §

404.1520(a)(4)(v). The claimant is entitled to disability benefits only if she is not able to perform any work. *See* 20 C.F.R. §§ 404.1520(g)(1). The Social Security Administration is "responsible for providing evidence that demonstrates that jobs exist in significant numbers in the national economy that [the claimant] can do, given [her] residual functional capacity and vocational factors." *See* 20 C.F.R. § 404.1560(c)(2). To determine whether work is available, the ALJ may rely on the testimony of a vocational expert and/or the Dictionary of Occupational Titles ("DOT") to evaluate whether the claimant can perform any work. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted).

## II. <u>Standard of Review</u>

Section 405(g) of the Act provides for judicial review of a Commissioner's final agency decision. *See* 42 U.S.C. § 405(g). This Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Charter*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (*quoting Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The reviewing court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *See Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (*citing Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (*citing Allen v. Secretary of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984)). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the

proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. *See* 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id.* "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (*quoting Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)).

## **DISCUSSION**

### I. The ALJ's Step-Five Findings

Plaintiff argues the ALJ failed to carry the Administration's burden at step five of the sequential evaluation. Specifically, she contends the jobs identified by the ALJ require a GED Reasoning Level of 2 or 3, which are both inconsistent with Plaintiff's RFC. Plaintiff contends that the occupations identified by the vocational expert and subsequently adopted by the ALJ are not within Plaintiff's mental capacity to "understand, remember, and carry out *simple job instructions.…*"

According to the Dictionary of Occupational Titles ("DOT"), the occupation of packager and kitchen helper require Level-2 reasoning, described as the application of "commonsense understanding to carry out *detailed but uninvolved* written or oral instructions" and the ability to "deal with problems involving a few concrete variables in or from standardized situations." The job of linen-room attendant requires Level-3 reasoning, described by the DOT as the application of "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" with the ability to

6

15-cv-2146 JAH-KSC

"deal with problems involving several concrete variables in or from standardized situations.²"

First the Court addresses whether "simple job instructions" may incorporate those instructions which are "detailed but uninvolved." While some courts have recognized an inconsistency, other courts have reconciled the two descriptions. *See Clarendon v. Astrue*, No. ED CV 07-1520-E, 2008 WL 2561894, at *2 (C.D. Cal. June 26, 2008) (recognizing a "possible inconsistency between a restriction to simple instructions and an aptitude sufficient to understand detailed but uninvolved instruction"); *but see Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) (holding that someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication—in other words, Reasoning Level 2 jobs); *see also Patton v. Astrue*, No. 6:11-CV-06423-ST, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013) (finding that although the instructions may be detailed, they may also be simple - consisting of multiple steps, none of which are complex).

Plaintiff argues that the Ninth Circuit decision in *Rounds v. Comm'r of Soc. Sec Admin.,* 807 F. 3d 996 (9th Cir. August 4, 2015) is controlling. In *Rounds*, the claimant's RFC limited her to performing one-and two step tasks. The court found a close similarity between Level-1 reasoning, requiring "commonsense understanding to carry out simple one-or two-step instructions," and Rounds' RFC. The court concluded that "only tasks with more than one or two steps would require 'detailed' instructions." *Rounds*, 807 F.3d. at 1003.

Here, Plaintiffs RFC limits her to carrying out simple instructions, despite the number of steps ultimately required to complete the task. In determining Plaintiff's RFC, the ALJ gave substantial weight to the assessment that Plaintiff is limited to nonpublic simple repetitive tasks. It seems plausible that Plaintiff could complete multi-step,

---

² Defendant suggests that the Court need not address whether the level-3 reasoning job of linen room attendant is within Plaintiff's RFC because jobs as packager and kitchen-helper both exist in significant numbers.

repetitive tasks if each step is broken down into simple instructions. However, when comparing Plaintiff's RFC with the reasoning requirements at Level-1 and Level-2, the capacity to "understand, remember, and carry out simple job instructions" bares a closer resemblance with carrying out "one or two step instructions" than with carrying out "detailed but uninvolved" instructions. The evidence in the record does not address this potential conflict nor offer any reasonable explanation reconciling the apparent inconsistency between Plaintiff's RFC and the demands of Level -2 reasoning.

## II. Harmless Error Analysis

On cross motion for summary judgment, Defendant argues that any failure to reconcile the potential conflict is harmless error. Defendant contends that regardless of any conflict between the ALJ's RFC finding and her conclusion that Plaintiff could perform work requiring Level-2 reasoning, the record supports the ALJ's step-five determination. The Commissioner points to evidence of Plaintiff's daily activities, the clinical findings, and medical-opinion evidence which establish that Plaintiff is capable of a "significant degree of overall mental functioning" consistent with the requirements of Level-2 reasoning.

During the disability hearing, Plaintiff testified that she could not work due to side effects caused by her medication. Ultimately, the ALJ found the record was inconsistent with her testimony in this regard, however, neither Plaintiffs testimony, nor any other evidence in the record indicate that Plaintiff has difficulty with retaining information, completing assignments that have multiple steps, or performing tasks that require some basic attention to detail. The Court notes, despite Plaintiff's symptoms, her mental exams showed no deterioration in her functioning, her thought processes were goal oriented and logical, and most important, her memory was intact – all of which aid in carrying out detailed, but uninvolved instructions. The evidence also indicates that Plaintiff excelled in her math and English courses and possessed the wherewithal and functional capacity to act as a caregiver for her mother after surgery. Considering the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions, the

8

Court finds that substantial evidence in the record supports a rational interpretation that Plaintiff has the ability to perform jobs requiring Level-2 reasoning. Therefore, the ALJ's step-five finding must be upheld. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citing *Allen v. Secretary of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984)). Because Level-2 reasoning jobs exist in significant numbers in the national economy, the Court need not opine on whether Level-3 reasoning jobs are within Plaintiff's RFC.

## **CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Cross-Motion for Summary Judgment is **GRANTED**. The Clerk of Court shall enter judgment accordingly.

Dated: December 31, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE